(137 App. Div. 308.)

## HARRY ANGELO CO. v. IMPROVED PROPERTY HOLDING CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   March 24, 1910.)

1. LANDLORD AND TENANT (§ 134*)—LEASE—STIPULATIONS—CONSTRUCTION.

　　A covenant in a lease of a part of a building to a dealer in dressmakers' materials, binding the lessor not to rent any part of the building to any one handling a similar line of goods, is violated by the execution of a lease of a part of the building to a competitor, though the competitor also handles milliners' supplies.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 483, 484; Dec. Dig. § 134.*]

2. INJUNCTION (§ 189*)—VIOLATION OF CONTRACT—FORM OF INJUNCTION.

　　Where a lessor of a part of a building violated a covenant in the lease by the execution of a lease of another part of the building to a competitor of the lessee, and the competitor removed from the premises, and the lessor did not threaten to repeat the violation, a judgment restraining the violation, without attempting to prevent future violations by a general restraining order, gave to the lessee adequate relief.

　　[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 409; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by the Harry Angelo Company against the Improved Property Holding Company of New York and Marcel Raimon and others, copartners doing business under the name of "Raimon." From a judgment for plaintiff, defendant the Improved Property Holding Company of New York appeals. Modified and affirmed.

See, also, 55 Misc. Rep. 328, 105 N. Y. Supp. 590.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George Hahn, for appellant.

Charles H. Studin, for respondent.

MILLER, J. The plaintiff leased of the defendant appellant two floors of a 17-story building for the term of 10 years, with the privilege of renewal for the further term of 10 years; and the lessor covenanted not to rent during the continuance of the lease "any part of said building to any firm or person handling a similar line of goods as that of the said lessee." The lessee dealt in dressmakers' materials or supplies, including silks, chiffons, nets, cloth, dress goods, velvets, ribbons, batiste, laces, trimmings, coats, robes, jackets, garnitures, belts, embroideries, costumes, cotton goods, or gauzes. With knowledge of that covenant in the plaintiff's lease, the defendants Raimon entered into a lease with the defendant appellant of one floor of said building. Said lessees were competitors of the plaintiff, engaged in handling dressmakers' materials and supplies in much the same way. They also handled milliners' supplies. This action was brought to enjoin the violation of said covenant, and the judgment appealed from enjoins the defendants Raimon from handling on the premises the dressmakers' supplies dealt in by the plaintiff, and it also enjoins the appellant from renting any part of the premises to any one for the purpose of dealing in any of the articles hereinbefore enumerated.

The defendants Raimon have removed from the premises and do not appeal. It would seem, therefore, that all questions relating to that part of the judgment restraining them were academic. Moreover, it is quite plain that said defendants were engaged in a similar line of business to that of the plaintiff. The fact that they also handled milliners' supplies was immaterial.

That part of the judgment restraining the appellant is too broad. Obviously what was meant by the covenant in question was that the lessor should not lease any part of the premises to a competitor of the plaintiff, to any one engaged in the same general line of business. But the judgment enjoins the making of a lease to any one who, in connection with some other business, might happen to deal in any one of a large list of specified articles. Where a party has once violated an agreement, it is proper to enjoin him from doing so again; but an injunction, to be effective, must be so definite and precise that one violating it may be punished for contempt, and it should not be left open to construction. Cases involving a violation of this covenant can be dealt with only as they arise. It would serve no useful purpose to adopt the language of the covenant or to paraphrase it.

The only violation of the lease that the appellant has been guilty of has been restrained. It does not appear that it is threatening to repeat such violation. The judgment operates as an adjudication of the plaintiff's right to have the covenant in the lease respected, and will be as efficacious to prevent future violations as a general restraining order, so vague that no one could be punished for violating it.

The judgment should be modified in the respect pointed out, and, as thus modified, affirmed, without costs. All concur.